IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

LATONIA SMITH,

        Defendant.

No. 3:22-cr-00051-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on defense counsel's concerns that Defendant Latonia Smith is incompetent to stand trial. Counsel for Ms. Smith submitted an expert report by Dr. Melissa Piasecki that opines that Ms. Smith is incompetent. The Government does not oppose a finding of incompetency. For the reasons stated below, I find that Ms. Smith is incompetent to stand trial.

## LEGAL STANDARD

It is a violation of due process to convict a person who is mentally incompetent to stand trial. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). A person is incompetent if they suffer from a mental disease or defect that (1) renders the person unable to understand the nature and consequences of the proceedings or (2) unable to assist properly in their defense. 18 U.S.C. § 4241(a). Both prongs apply here.

1 – OPINION AND ORDER

## BACKGROUND

The following mental health history is relevant to the Court's analysis, all of which is taken from Dr. Piasecki's report. [1] Ms. Smith reported she first had contact with a mental health professional when she saw a campus counselor on one occasion as an undergraduate student in Texas.

In November 2017, Ms. Smith was brought to the ER by ambulance and police after she sent an email that she was going to kill herself and everyone at her job. She also threatened to harm police. Ms. Smith was evaluated overnight at Centennial Hills Hospital in Las Vegas. The hospital administered an injection of Haldol (a sedating antipsychotic) and placed in restraints for agitation and disruptive behaviors (singling, humming, kicking the bed) and described her as violent, disruptive, and belligerent. She was diagnosed with possible anxiety, depression, suicide risk, adjustment disorder, and schizophrenia. She was placed on a legal hold and later discharged to her mother.

Ms. Smith reported ten or more suicide attempts. After a hanging attempt at Southern Nevada Detention Center in November 2019, she was evaluated at University Medical Center where she reported that she was being tortured at the detention facility. She was diagnosed with delusions and discharged with the antipsychotic medication Zyprexa. The following month, she made two more suicide attempts by hanging. She described her suicide attempts as "I just wanted to die."

---

[1] The summary of Ms. Smith's mental health history is adopted from Dr. Piasecki's report.

2 – OPINION AND ORDER

At Southern Nevada Detention Center, she cut her wrists, tried to drown in the sink, and overdosed on medication in 2020. She also had several hunger strikes. Ms. Smith filed motions for nuclear war and for an "extermination order" with the court in 2020.

Ms. Smith was hospitalized at the Federal Medical Center Carswell, in Fort Worth, Texas 9/11/20 for assessment of competency on a separate legal matter. She was noted to have disruptive behaviors (singing loudly, smearing, and writing on walls) and to be irritable and grandiose. She made statements that she was at the Federal Medical Center for punishment and that there was a conspiracy to prevent her from proceeding with civil lawsuits. Her sleep was inconsistent. Ms. Smith was diagnosed with Schizoaffective Disorder, Bipolar Type, Currently in Acute Episode. She was found incompetent. Ms. Smith had a serious suicide attempt in October 2020, which required three rounds of CPR to resuscitate her.

Ms. Smith reported that she recalled staying up all night singing while in custody. She said she had episodes where she stayed up for 24 hours and then she felt a dose of energy which led to staying up another 24 hours. During these episodes she read "700 pages a day" and played basketball. She also experienced pacing, a "rush of thoughts," and pressure from her mind telling her to do certain actions (such as smear feces).

Ms. Smith was released from custody and discontinued medications. When she was admitted to the Washoe County Detention Facility on 5/2/22 on unrelated charges, she reported she had not taken medication for the month to her admission because "they quit working." She was prescribed Geodon, Lamictal and Trazodone. Ms. Smith was released and returned to the jail on 7/30/22. At that time, she reported that the FBI was poisoning her, and she refused food that was not securely sealed. She refused medications (Abilify, Lamictal, Trazodone). She was in

3 – OPINION AND ORDER

segregation and noted to be withdrawn and to have poor hygiene. She was observed using toilet paper for bedding. She refused medication and spoke in whispers.

Ms. Smith was re-hospitalized at the Federal Medical Center Carswell on 12/6/22. She was treated with the mood stabilizer Lamictal but she was non-compliant with medication. The clinicians diagnosed schizoaffective disorder and autism spectrum disorder. She was noted to have had delusional beliefs and to have periods of mood instability. She was found to lack competency due to her grandiose and paranoid beliefs about the legal system.

On 3/24/23, Ms. Smith overdosed on medication. In April, she received long-acting injectable (LAI) antipsychotic medication paliperidone, which was changed to the LAI Abilify Lauroxil 441 mg every four weeks on 7/31/23 due to side effects. On 10/16/23, Dr. Young found that Ms. Smith was competent due to improvement in her mental illness and a determination that her conspiratorial beliefs were convictions rather than delusions. She was later adjudicated competent.

At the time of my assessment on 7/25/24, Ms. Smith said that the conditions of her confinement were difficult because she was in administrative segregation and was isolated from other inmates and staff. She said that the mental health professional who previously checked on her twice a week had left the facility. Her contact with other people was now limited to the correctional officer assigned to her unit.

Ms. Smith filed a request to the court on 7/1/24 for an order scheduling Physician Assisted Suicide. She reported to Dr. Piasecki that she would want assisted suicide because she was sad at how her life had turned out. She said that she would rather be in heaven with God. She said that she was not going to act on suicidal thoughts in the immediate future because it was possible that her current case might be dismissed.

4 – OPINION AND ORDER

Ms. Smith said that her current treatment was LAI Abilify Maintena, 400 mg every four weeks. She said she had side effects: a 70-pound weight gain and she no longer had menstrual periods. Both side effects were distressing to her. She said she did not think she benefitted from medication and "felt fine" when not taking medications. Ms. Smith said the medication was "voluntary, but not quite" since she believed she would not be discharged and remain out of Carswell if she was not taking medication. She said she did not plan to take medication when she returned to the community. Ms. Smith denied hearing voices, in contrast to a report that she heard her "daughter's voice." Ms. Smith said she enjoyed reading legal thrillers and that her mother sends her books.

In addition, Dr. Piasecki interviewed Ms. Smith while in custody for 75 minutes. In addition, the Court has had numerous video hearings with Ms. Smith, which have provided some limited opportunity to observe her in court. As I explained at the last telephone status conference, I also have utmost confidence in Ms. Smith's counsel and am aware that all their motivations are to prepare and try the case at the current trial date absent compelling obligations as officers of the court to inform the court otherwise. Finally, the Government has had the opportunity to have its own expert review Dr. Piasecki's report. The Government does not oppose a finding of incompetency.

## FINDINGS

In light of all the above, I make the following findings. I find that Ms. Smith is incompetent under both prongs of the test. She is unable to understand the nature of the charges against her and she is unable to aid and assist in her defense.

The precise nature of treatment to restore competency may yet be benefitted by a more complete Government expert report and by any independent contribution by Ms. Smith's family, which they are invited but not obligated to submit within 21 days.

The parties are requested to submit a joint order in light of these findings by Tuesday, August 20, 2024.

IT IS SO ORDERED.

DATED this  16th day of August, 2024.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Senior United States District Judge

6 – OPINION AND ORDER